UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM R. JOHNSON, as Personal
Representative of the Estate of David R. Johnson,**

**Plaintiff,**

-vs-                                                                 Case No. 6:07-cv-1016-Orl-22UAM

**SUN LIFE ASSURANCE COMPANY OF CANADA
(U.S.),**

**Defendant.**

_____

ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT SUN LIFE (Doc. No. 7)** |
| **FILED:** | June 15, 2007 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff William R. Johnson, as personal representative of the Estate of David R. Johnson, sued Morgan Stanley Dean Witter, Inc. ("Morgan Stanley"), Sun Life Assurance Company of Canada (U.S.) ("Sun Life"), and Edward Goddard (a former licensed broker and/or employee of Morgan Stanley) in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. This action was subsequently removed to this court on the basis of diversity jurisdiction.

While the case was still pending in state court, all defendants filed motions to stay the litigation and to compel arbitration. On the morning that the hearings were scheduled to be heard, Plaintiff's

counsel informed Sun Life's counsel that he and counsel for Morgan Stanley had agreed to postpone the hearing and engage in voluntary mediation. Sun Life was asked if it would also agree to postpone the hearing on its motion and participate in the voluntary mediation. Sun Life agreed.

At some later point, a mediation was scheduled in Orlando, Florida. Because Sun Life's counsel and corporate representative both were located out of the state, Sun Life advised that both its attorney and corporate representative would participate by telephone. Plaintiff's counsel sent an e-mail to the other attorneys that stated:

> My client will be flying back to Florida specifically for the mediation with the intention of reaching a reasonable settlement, i.e. plaintiff gets less than he thinks he should and defendants pay more than they think they should. I need assurance that corporate representatives of [Morgan Stanley] and Sun Life will be personally involved in the mediation proceedings with the same basic intent before considering the concept of appearance by telephone.

Docket 7 at 4. There is no showing that Sun Life specifically responded to Plaintiff's counsel's e-mail.

The mediation proceeded as scheduled, with Sun Life's attorney and its corporate representative appearing by telephone. Morgan Stanley made an offer to settle, while Sun Life did not. Plaintiff now argues that Sun Life had informed Morgan Stanley prior to the mediation that Sun Life did not intend to make any contribution toward any settlement discussed at the mediation. Plaintiff argues that Sun Life had "an inherent obligation" to advise the parties if there is no intention of

compromise, and that it did not participate in good faith in the mediation. Plaintiff filed a motion for sanctions in state court, which remains pending and ripe for this Court's determination.[1]

Plaintiff does not cite a single authority in support of his position. The Court's review of the facts shows that Sun Life did not engage in sanctionable conduct. Prior to the mediation, Sun Life informed both Plaintiff and Morgan Stanley that it had no liability based on an indemnification agreement between Morgan Stanley and Sun Life. Based on the indemnification agreement, Sun Life repeatedly advised Morgan Stanley that Sun Life expected Morgan Stanley to settle all of Plaintiff's claims. Sun Life expressly denies that it made any representation to Plaintiff that it would pay anything in addition to what Morgan Stanley may offer.

Although Sun Life certainly made it known that it believed it had no liability, which would be consistent with a statement that it did not "intend" to contribute to a settlement, there is no evidence that Sun Life entered the mediation with a firm decision not to contribute anything no matter what may be disclosed in mediation that might undermine its litigation posture. Sun Life states that its corporate representative participated with full authority to negotiate a settlement at the mediation. Sun Life did not act in bad faith by determining that Morgan Stanley's offer satisfied any obligations that may be due from Sun Life, and failing to offer an additional contribution towards settlement.

Plaintiff's motion for sanctions against Sun Life is **DENIED**.

---

[1] The Court notes that Plaintiff apparently made no efforts to resolve this dispute prior to filing the motion for sanctions. Such failure is grounds for denying the motion under this Court's Local Rule 3.01(g). The parties are advised that they must comply with Local Rule 3.01(g) before filing any motion with this Court.


**DONE** and **ORDERED** in Orlando, Florida on June 28, 2007.

                                            DONALD P. DIETRICH
                                UNITED STATES MAGISTRATE JUDGE